IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MEL NAVIP LLC,<br><br>Plaintiff<br><br>-against-<br><br>GENERAL MOTORS COMPANY and GENERAL MOTORS LLC,<br><br>Defendants. | Civil Action No.: 2:23-cv-175<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mel NavIP LLC ("Mel NavIP" or "Plaintiff"), by way of this Complaint against Defendants Defendant General Motors Company and Defendant General Motors LLC, (collectively "GM" or "Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff Mel NavIP LLC is a limited liability company organized and existing under the laws of the State of Texas, having its principal place of business at 1708 Harrington Drive, Plano, Texas 75075.

2. On information and belief, Defendant General Motors Company ("GMC") is a company organized and existing under the laws of the State of Delaware with a principal place of business located at 300 Renaissance Center, Detroit, Michigan 48265.  General Motors Company may be served through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, DE, 19808.  On information and belief, General Motors Company is registered to do business in the State of Texas.

3. On information and belief, Defendant General Motors LLC is a company organized and

1

existing under the laws of the State of Delaware with a principal place of business located at 300 Renaissance Center, Detroit, Michigan 48265.  On information and belief, General Motors LLC is a wholly owned subsidiary of General Motors Company.  General Motors LLC may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX, 78701.  On information and belief, General Motors Company is registered to do business in the State of Texas and has been since at least January 14, 2010.

4.      On information and belief, Defendant General Motors Company is the direct parent company of General Motors LLC, and as the direct parent, induces its subsidiaries, affiliates, intermediaries, retail partners, and customers in the making, using, selling, offering for sale, and/or importing of vehicles accused of infringement in this Complaint through its subsidiaries.

5.      On information and belief, Defendants General Motors Company and General Motors LLC (and its subsidiaries, affiliates and/or intermediaries) form an interrelated group of companies doing business as a collective whole under the Chevrolet, GMC, Cadillac, and Buick brands which together comprise one of the largest makers and sellers of automotive vehicles in the world.  General Motors Company and General Motors LLC are part of the same corporate structure and distribution chain for the making, using, selling, offering for sale, and/or importing the accused vehicles in the United States, including in the State of Texas generally and this Judicial District in particular.  On information and belief, General Motors Company and General Motors LLC (and its subsidiaries, affiliates and/or intermediaries) share the same management, common ownership, advertising platforms, facilities, distribution chains and platforms, and accused vehicles models and vehicles involving related technologies.  Thus, General Motors Company and General Motors LLC (and its subsidiaries, affiliates and/or intermediaries) operate

as a unitary business and are jointly and severally liable for the acts of patent infringement alleged herein.

6. On information and belief, GM does business themselves, or through its subsidiaries, affiliates, and/or intermediaries, in the State of Texas and the Eastern District of Texas. GM placed or contributed to placing infringing vehicles, including one or more of those specifically accused of infringement below, into the stream of commerce via established distribution channels knowing or understanding that such vehicles would be sold and used in, and imported into, the United States, including in the Eastern District of Texas.

7. On information and belief, GM have derived substantial revenue from infringing acts in the Eastern District of Texas, including from the sale and use of these infringing vehicles like those specifically accused of infringement below.

## JURISDICTION AND VENUE

8. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by GM of claims of U.S. Patent No. 8,060,368; U.S. Patent No. 8,244,465; U.S. Patent No. 8,649,971; and U.S. Patent No. 8,812,230 (collectively "the Patents-in-Suit").

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. GM is subject to personal jurisdiction of this Court because, *inter alia*, on information and belief, (i) GM maintains a regular and established place of business in Texas in this Judicial District at 301 Freedom Drive, Roanoke, Texas 76262; (ii) GM employs employees and sells products and services to customers in this Judicial District; and (iii) the patent infringement claims arise directly from GM's continuous and systematic activity in this Judicial District.

11. Venue is proper as to GM in this Judicial District under 28 U.S.C. § 1400(b) because, *inter alia*, on information and belief, GM has a regular and established place of business in this

Judicial District at 301 Freedom Drive, Roanoke, Texas 76262, and has committed acts of patent infringement in this Judicial District and/or has contributed to or induced acts of patent infringement by others in this District.

## BACKGROUND

12. On November 15, 2011, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,060,368 ("the '368 Patent"), entitled "Speech Recognition Apparatus."

13. At the time of the invention of the '368 Patent, conventional speech recognition apparatuses were unable to carry out speech recognition efficiently for separate externally connected devices by only creating or updating the speech recognition dictionary for a single application, such as a single externally connected device. '368 Patent at col. 1:66-2:4.  At the time of the invention, conventional speech recognition apparatuses also hindered efficient speech recognition by recording the words passing through its analysis into a single speech recognition dictionary, thereby increasing the time taken for searching the speech recognition dictionary. *See id.* at col. 2:5-13.  The '368 Patent improved upon conventional speech recognition apparatus by, among other features, disclosing systems and methods that can carry out the speech recognition with switching the speech recognition dictionary without any special operation of the user offering the advantages of being able to shorten the speech recognition processing time and improving the recognition rate. *See id.* at col. 2:45-50.

14. On August 14, 2012, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,244,465 ("the '465 Patent"), entitled "Navigation System and Display Method of Road Network on the Same System."

15. At the time of the invention of the '465 Patent, conventional navigation systems experienced problems in adjusting the scale of the displayed map, which would result in

disappearance of various elements from the navigation screen, thereby confusing a user. *See* '465 Patent at col. 1:12-21.  At the time of the invention of the '465 Patent, conventional navigation systems displayed distorted images in attempt to prevent losing continuity of displayed elements.  *See id.* at col. 1:22-36.  The '465 Patent improved upon conventional navigation systems by, among other features, disclosing a system and method that can achieve the display of the elements such as roads and facilities without distortion or losing continuity, and can reduce the load of the hardware resources in calculating the display positions at that time.  *See id.* at col. 2:23-29.

16. On February 11, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,649,971 ("the '971 Patent"), entitled "Navigation Device."

17. At the time of the invention of the '971 Patent, conventional navigation devices provided waypoint route guidance against a user's own will to a destination or waypoint when the user has not passed a certain waypoint and is traveling along the route toward either another waypoint existing forward of the waypoint or the destination.  *See* '971 Patent at col. 1:22-27.  The '971 Patent improved upon conventional navigation devices by, among other features, disclosing devices and methods with a superior interface that enable a user to determine how to handle a waypoint on a route which the user has not passed according to the user's own will.  *See id.* at col. 1:57-62.

18. On August 19, 2014, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 8,812,230 ("the '230 Patent"), entitled "Navigation Device."

19. At the time of the invention of the '230 Patent, conventional navigation devices required the user to manually register for service information from registration destination facilities which required a long time.  *See* '230 Patent at col. 1:58-64.  Another problem of conventional

navigation devices was that service information distributed from the registration destination facility may have been outdated.  *See id.* at col. 1:64-2:3.  The '230 Patent improved upon conventional navigation devices by, among other features, disclosing a navigation device which can easily register service information which is distributed from a registration destination facility and which can easily refer to the service information.  *See id.* at col. 2:4-9.

20. Mel NavIP is the assignee and owner of the right, title, and interest in and to the Patents-in-Suit, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

21. GM has infringed and continues to infringe the Patents-in-Suit by making, using, selling, or offering for sale in the United States, or importing into the United States vehicles with infotainment system technology claimed in the Patents-in-Suit.  Attachment A to this Complaint provides a non-exhaustive listing of Accused Products.

## **NOTICE**

22. By letter dated September 20, 2022 and email dated September 29, 2022, Mel NavIP via its legal counsel notified GM that it infringes the Patents-in-Suit, provided claim charts illustrating exemplary infringed claims and infringing GM products, and invited GM to hold a licensing discussion with Mel NavIP.

23. By letter and email dated September 30, 2022, GM confirmed receipt of the letter and email.

24. By letter and email dated November 21, 2022, GM stated that is it not interested in licensing the Patents-in-Suit and provided non-infringement and invalidity arguments in support of its position.

25. By email dated March 31, 2023, Mel NavIP via its legal counsel provided rebuttal arguments to GM's non-infringement and invalidity arguments.

26. By email dated April 3, 2022 GM confirmed receipt of Mel NavIP's email of March 31, 2023.

## COUNT I: INFRINGEMENT OF THE '368 PATENT BY GM

27. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28. On information and belief, GM has infringed the '368 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Accused Products and all other products with substantially similar infotainment systems.

29. For example, on information and belief, GM has infringed and continues to infringe at least claim 1 of the '368 Patent by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products, such as the 2022 Chevy Equinox with a Infotainment 3 Plus system which includes a speech recognition apparatus. Ex. 1 (showing that the 2022 Chevy Equinox with the Infotainment 3 Plus system has "[enhanced] voice recognition"); Ex. 2 (showing that some models of the Infotainment 3 system "have voice control built into the vehicle;" showing the steps to "begin a built-in voice command" for "Voice Control That Is Built Into Your Vehicle"). The Accused Products include an external information acquiring section configured to acquire, from an externally connected device connected to the speech recognition apparatus, a device type of the externally connected device. Ex. 2 (showing that a "phone is connected and your contact list is downloaded" for a built-in voice command); Ex. 3 at 136, 157, 175 (showing the 2022 Chevy Equinox's Infotainment 3 Plus system acquires data from various external audio and media inputs, such as device type and associated compatibility to interface with the vehicle's system). The external information acquiring section in the Accused Products is configured to acquire data recorded in said externally connected device. Ex. 2 (showing that a "phone is connected and your contact list is

7

downloaded" for a built-in voice command); Ex. 3 at 136, 156 (showing the 2022 Chevy Equinox's Infotainment 3 Plus system acquires data from the externally connected device such as contact list data and/or media data such as artist or album names).  The Accused Products include a vocabulary extracting analyzing section configured to extract a vocabulary item as an extracted vocabulary item form the data acquired by the external information acquiring section.  Ex. 3 at 136, 154-156 (showing the 2022 Chevy Equinox's Infotainment 3 Plus system extracts vocabulary items from the acquired data such as contact names, artist names and/or album names and invokes voice recognition to make phone calls (e.g., a command to "Call <contact name>") or play audio (e.g., a command to "Play Artist <artist name>")).  The vocabulary extracting analyzing section in the Accused Products is configured to produce analysis data by providing the extracted vocabulary item with pronunciation obtained through analysis of said extracted vocabulary item.  Ex. 3 at 136, 154-156 (showing the 2022 Chevy Equinox's Infotainment 3 Plus system analyzes the text of the acquired data to enable the system to recognize invocation of vocabular items during voice recognition, such as "Call <contact name>" or "Play Artist <artist name>").  The Accused Products include a dictionary generating section configured to generate speech recognition dictionaries according to device types of externally connected devices by storing the analysis data produced by the vocabulary extracting analyzing section into a speech recognition dictionary corresponding to the device type acquired by the external information acquiring section.  Ex. 3 at 136, 154-157 (showing the 2022 Chevy Equinox's Infotainment 3 Plus system generates speech recognition dictionaries to enable the system to recognize invocation of vocabular items during voice recognition, such as "Call <contact name>" or "Play Artist <artist name>," which corresponds to a device type, such as a PBAP compatible Bluetooth phone or MP3/WMA audio compatible USB device).  The Accused Products include a speech

recognition section configured to carry out speech recognition of input speech by referring to a speech recognition dictionary out of the speech recognition dictionaries generated by the dictionary generating section.  Ex. 3 at 136, 154-156 (showing the 2022 Chevy Equinox's Infotainment 3 Plus system recognizes the speech input by referring to a speech recognition dictionary, such a Contact Names Dictionary or Artist/Albums Names Dictionary).  The speech recognition section in the Accused Products is configured to output a result of said speech recognition, where the speech recognition dictionary to be used for said speech recognition corresponds to the device type acquired by the external information acquiring section.  Ex. 3 at 154-156 (showing the 2022 Chevy Equinox's Infotainment 3 Plus system outputs a result of said speech recognition, such as outputting audio for a call or media playback, wherein the speech recognition dictionary used corresponds to the device type, such as a PBAP compatible Bluetooth phone or MP3/WMA audio compatible USB device).

30.     On information and belief, GM has induced infringement of the '368 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated navigation and multimedia technology, software, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products. *See* ¶¶ 22-26 (explaining that Mel NavIP notified GM of infringement by letter dated September 20, 2022 and email dated September 29, 2022); Ex. 1 (showing that the 2022 Chevy Equinox with the Infotainment 3 Plus system has "[enhanced] voice recognition"); Ex. 2 (showing that some models of the Infotainment 3 system

"have voice control built into the vehicle;" showing the steps to "begin a built-in voice command" for "Voice Control That Is Built Into Your Vehicle").

31. On information and belief, GM has committed the foregoing infringing activities without a license.

32. On information and belief, GM knew the '368 Patent existed and knew of exemplary infringing GM products while committing the foregoing infringing acts thereby willfully, wantonly and deliberately infringing the '368 Patent.

## COUNT II: INFRINGEMENT OF THE '465 PATENT BY GM

33. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

34. On information and belief, GM has infringed the '465 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Accused Products and all other products with substantially similar infotainment systems.

35. For example, on information and belief, GM has infringed and continues to infringe at least claim 1 of the '465 Patent by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products, such as the 2022 Chevrolet Silverado 2500 HD with a Next-Generation Embedded Navigation system.  Ex. 4 (showing that the 2022 Chevrolet Silverado 2500 HD with the Infotainment 3 Premium system has Navigation); Ex. 5 ("If your infotainment system has a NAV icon" the user can "route to a new destination or explore the route guidance screen" using Next-Generation Embedded Navigation); Ex. 6 at 162-163 (showing that the 2022 Chevrolet Silverado 2500 HD has, if equipped, the Navigation System and the user can "launch the Nav application by touching the Nav icon").  The Accused Products include a map data storage section for storing map data together with attributes and classes of the map data, the map data being composed of roads necessary for a route search and

display elements including city centers and facilities, and the city centers being a display element each representing a city and indicating a representative position of the city, wherein the attributes are indicative of whether or not each of the roads should be displayed for each of a plurality of map scales.  Ex. 6 at 167, Ex. 7 (GM's Navigation System stores map data composed of classes of roads for a route search, and classes of display elements, such as city centers (text such as "Sterling Heights" indicative of the city's position) and facilities (represented by graphical icons or building)); Ex. 6 at 164, Exs. 8-10, 11 (GM's Navigation System displaying roads having attributes, e.g., a size attribute such as small (such as residential roads) or large roads (such as highways), that indicate whether or not each of the roads should be displayed depending on the map scale).  The Accused Products include a display section for displaying the map data.  Ex. 6 at 163 (GM's Navigation System has a display screen for displaying the map data).  The Accused Products include an input section for inputting an instruction from a user.  Ex. 6 at 163, 167-168, Ex. 11 (GM's Navigation System allows a user to input instruction, e.g., inputting a destination address to route the user to and the desired scale of the map).  The Accused Products include a control section for carrying out a procedure of calculating a route between an own-vehicle position and a destination represented by one of the display elements, the destination being instructed via the input section.  Ex. 6 at 166, 172, Ex. 7 (GM's Navigation System calculates a route between an own-vehicle position, e.g., using a GPS location of the vehicle, and a destination represented by a display element, e.g., a red pin, wherein the destination was input by the user).  In the Accused Products, the control section also carries out, in accordance with one of the plurality of map scales instructed via the input section, a procedure of displaying a map on the display section.  Ex. 6 at 167-168, Ex. 7 (GM's Navigation System displays a map on the GM vehicle's infotainment system, wherein the map scale depends on the distance of the

route and/or the desired scale input by the user pressing the "+" or "-" buttons.).  In the Accused Products, the procedure of displaying a map on the display section includes selecting the roads indicated by the attributes as being displayable according to the instructed map scale, and by selecting the display elements based on ranks.  Ex. 11 (GM's Navigation System selects the roads according to its attributes, such as a size attribute, e.g., small or large roads, to be displayed depending on the instructed map scale; and GM's Navigation System selects the display elements, such as street labels, based on ranks, e.g., highly ranked street labels (such as "Lexington Rd") are displayed at lower and larger scales while lower ranked street labels (such as "Keene Rd") are only displayed at lower scales).  In the Accused Products, the procedure of displaying a map on the display section includes further selecting each of the roads that is part of the calculated route but not indicated by the attributes as being displayable according to the instructed map scale.  Exs. 9-10, 12-13, 14 (GM's Navigation System selects and displays the roads that are part of the calculated route even if based on their attribute they would normally be deemed too small to display according to the instructed map scale).  In the Accused Products, the procedure of displaying a map on the display section includes displaying the selected roads and the selected display elements on the display selection as part of the map.  Exs. 10, 13, 14 (GM's Navigation System displays the selected roads and the selected display elements on the vehicle infotainment system's map).

36.     On information and belief, GM has induced infringement of the '465 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated

navigation and multimedia, software, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.  *See* ¶¶ 22-26 (explaining that Mel NavIP notified GM of infringement by letter dated September 20, 2022 and email dated September 29, 2022); Ex. 4 (showing that the 2022 Chevrolet Silverado 2500 HD with the Infotainment 3 Premium system has Navigation); Ex. 5 ("If your infotainment system has a NAV icon" the user can "route to a new destination or explore the route guidance screen" using Next-Generation Embedded Navigation); Ex. 6 at 162-163 (showing that the 2022 Chevrolet Silverado 2500 HD has, if equipped, the Navigation System and the user can "launch the Nav application by touching the Nav icon").

37.  On information and belief, GM has committed the foregoing infringing activities without a license.

38.  On information and belief, GM knew the '465 Patent existed and knew of exemplary infringing GM products while committing the foregoing infringing acts thereby willfully, wantonly and deliberately infringing the '465 Patent.

## COUNT III: INFRINGEMENT OF THE '971 PATENT BY GM

39.  Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40.  On information and belief, GM has infringed the '971 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Accused Products and all other products with substantially similar infotainment systems.

41.  For example, on information and belief, GM has infringed and continues to infringe at least claim 1 of the '971 Patent by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products, such as the 2022 Chevrolet Silverado

2500 HD with Next-Generation Embedded Navigation. Ex. 4 (showing that the 2022 Chevrolet Silverado 2500 HD with the Infotainment 3 Premium system has Navigation); Ex. 5 ("If your infotainment system has a NAV icon" the user can "route to a new destination or explore the route guidance screen" using Next-Generation Embedded Navigation); Ex. 6 at 162-163 (showing that the 2022 Chevrolet Silverado 2500 HD has, if equipped, the Navigation System and the user can "launch the Nav application by touching the Nav icon"). The Accused Products include a navigation device comprising a setting unit configured to set waypoints and a destination. Ex. 6 at 166-167 (GM's navigation device, such as Next-Generation Embedded Navigation on the Accused Products' infotainment system, includes a setting unit to set waypoints/stops and a destination during route navigation). The Accused Products' navigation device further comprises a route searching unit configured to search for a whole route leading to the destination via the waypoints set by said setting unit. Ex. 6 at 167 and Ex. 15 (GM's navigation device searches for a whole route leading to the final destination (represented by a red pin) via the waypoints, e.g., additional destinations along the route (represented by a red pin with an alphanumeric character), set by the setting unit). The Accused Products' navigation device further comprises a route guidance unit configured to carry out route guidance according to the whole route which is searched for by said route searching unit. Exs. 15, 16 (GM's navigation device includes a route guidance unit to carry out route guidance directions according to the whole route searched by the user). The Accused Products' navigation device further comprises an output unit configured to output a message showing that a vehicle has deviated from a route leading to a first next waypoint toward which the vehicle has been heading when said route guidance unit determines that the vehicle has deviated from the route to a predetermined distance or more and is traveling along a route after said first next waypoint. Ex. 6 at 167, Exs. 17, 18

(GM's navigation device's output unit, e.g., display screen, outputs a message, i.e., "a Drive to icon along with the next waypoint address," when the vehicle has deviated from a route leading to the next waypoint that the vehicle was headed towards); Ex. 6 at 197, Exs. 19, 20 (showing GM's navigation device, e.g., via HERE code, determines that the vehicle has deviated from the route by a predetermined distance and is traveling along a route after the next waypoint).  The Accused Products' navigation device further comprises an input unit configured to input a command indicating whether or not to travel via said first next waypoint in response to the message outputted by said output unit.  Ex. 6 at 167, Exs. 21-23 (GM's navigation device's input unit, e.g., the display screen's touch screen input, is configured to receive a command to skip the next waypoint, such as by pressing the "Drive to" button, in response to the message outputted by the output unit discussed above).

42.    On information and belief, GM has induced infringement of the '971 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated navigation and multimedia technology, software, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.  *See* ¶¶ 22-26 (explaining that Mel NavIP notified GM of infringement by letter dated September 20, 2022 and email dated September 29, 2022); Ex. 4 (showing that the 2022 Chevrolet Silverado 2500 HD with the Infotainment 3 Premium system has Navigation); Ex. 5 ("If your infotainment system has a NAV icon" the user can "route to a new destination or explore the route guidance screen" using Next-Generation

Embedded Navigation); Ex. 6 at 162-163 (showing that the 2022 Chevrolet Silverado 2500 HD has, if equipped, the Navigation System and the user can "launch the Nav application by touching the Nav icon").

43. On information and belief, GM has committed the foregoing infringing activities without a license.

44. On information and belief, GM knew the '971 Patent existed and knew of exemplary infringing GM products while committing the foregoing infringing acts thereby willfully, wantonly and deliberately infringing the '971 Patent.

### COUNT IV: INFRINGEMENT OF THE '230 PATENT BY GM

45. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46. On information and belief, GM has infringed the '230 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States or importing into the United States the Accused Products and all other products with substantially similar infotainment systems.

47. For example, on information and belief, GM has infringed and continues to infringe at least claim 1 of the '230 Patent by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products, such as the 2022 Chevrolet Silverado 2500 HD with Next-Generation Embedded Navigation. Ex. 4 (showing that the 2022 Chevrolet Silverado 2500 HD with the Infotainment 3 Premium system has Navigation); Ex. 5 ("If your infotainment system has a NAV icon" the user can "explore the route guidance screen" using Next-Generation Embedded Navigation); Ex. 6 at 162-163 (showing that the 2022 Chevrolet Silverado 2500 HD has, if equipped, the Navigation System and the user can "launch the Nav application by touching the Nav icon"). The Accused Products include a navigation device comprising a data storage unit for storing data. Ex. 6 at 167 (GM's navigation device, such as

Next-Generation Embedded Navigation on the Accused Products' infotainment system, includes storage/memory for storing map information including Points of Inters (POIs)). The Accused Products' navigation device further comprises a service information reception processing unit for receiving service information at an external registration destination facility with which member registration is made, the service information being distributed from the external registration destination facility. Ex. 6 at 166, 171, Ex. 24 (GM's navigation device includes a communications/modem module for receiving Smart POI information, e.g., parking lot and gas prices, from, e.g., fuel stations and/or parking lots as part of its Connected Services membership). The Accused Products' navigation device further comprises a service information analyzing processing unit for performing a predetermined process on the service information received by said service information reception processing unit to register the service information in said data storage unit. Ex. 6 at 171 (GM's navigation device processes the received service information, *e.g.,* parking lot and gas prices, and stores the service information in memory for display). The Accused Products' navigation device further comprises a notification condition customization setting unit for setting a notification condition about notification of the service information at the external registration destination facility. Ex. 6 at 166, 171 (GM's navigation device sets a customized notification condition by displaying Smart POIs such as fueling stations and/or parking lots with prices based on time, driver search behavior, location, driving conditions and vehicle condition). The Accused Products' navigation device further comprises a facility icon display processing unit for displaying, on a map of a current location and surrounding area of the navigation device, an icon representing a registration destination facility located within an area covered by the displayed map, and for displaying a modified version of the icon on the map in such manner indicating that there is an update in service information at the registration

destination facility located within an area covered by the displayed map, according to the notification condition set by said notification condition customization setting unit, said notification condition being satisfied when the service information at the represented registration destination facility has been updated.  Ex. 6 at 166, 171 (GM's navigation device displays on a navigation map fueling station or parking lot icons that are modified when updated pricing information is received).  The Accused Products' navigation device displays the map on which the icon is displayed in accordance with a navigation function.  Ex. 6 at 171 (GM's navigation device displays the map on which the icon is displayed during navigation).

48. On information and belief, GM has induced infringement of the '230 Patent pursuant to 35 U.S.C. § 271(b), by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, its partners, resellers, distributers, customers, and end users, to make, use, sell, and/or offer to sell in the United States, and/or import into the United States, the Accused Products by, among other things, providing the accused products and incorporated navigation and multimedia technology, software, specifications, instructions, manuals, advertisements, marketing materials, and technical assistance relating to the installation, set up, use, operation, and maintenance of said products.  *See* ¶¶ 22-26 (explaining that Mel NavIP notified GM of infringement by letter dated September 20, 2022 and email dated September 29, 2022); Ex. 4 (showing that the 2022 Chevrolet Silverado 2500 HD with the Infotainment 3 Premium system has Navigation); Ex. 5 ("If your infotainment system has a NAV icon" the user can "explore the route guidance screen" using Next-Generation Embedded Navigation); Ex. 6 at 162-163 (showing that the 2022 Chevrolet Silverado 2500 HD has, if equipped, the Navigation System and the user can "launch the Nav application by touching the Nav icon").

49. On information and belief, GM has committed the foregoing infringing activities without

a license.

50. On information and belief, GM knew the '230 Patent existed and knew of exemplary infringing GM products while committing the foregoing infringing acts thereby willfully, wantonly and deliberately infringing the '230 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Mel NavIP prays for judgment in its favor against GM for the following relief:

  A. Entry of judgment in favor of Mel NavIP against GM on all counts;

  B. Entry of judgment that GM has infringed the Patents-in-Suit;

  C. Entry of judgment that GM's infringement of the Patents-in-Suit has been willful;

  D. Award of compensatory damages adequate to compensate Mel MavIP for GM's infringement of the Patents-in-Suit, in no event less than a reasonable royalty trebled as provided by 35 U.S.C. § 284;

  E. Award of reasonable attorneys' fees and expenses against GM pursuant to 35 U.S.C. § 285;

  F. Mel NavIP's costs;

  G. Pre-judgment and post-judgment interest on Mel NavIP's award; and

  H. All such other and further relief as the Court deems just or equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated:  April 18, 2023                                Respectfully submitted,

/s/ *Dmitry Kheyfits*
Dmitry Kheyfits
dkheyfits@kblit.com
Brandon Moore
bmoore@kblit.com
KHEYFITS BELENKY LLP
12600 Hill Country Blvd, Suite R-275
Austin, TX 78738
Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
abelenky@kblit.com
Hanna G. Cohen
hgcohen@kblit.com
KHEYFITS BELENKY LLP
80 Broad Street, 5th Floor
New York, NY 10005
Tel: 212-203-5399
Fax: 212-203-6445

*Attorneys for Plaintiff*
*Mel NavIP LLC*